IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERCIA,<br>    Plaintiff,<br><br>v.<br><br>LONTELLE D. FORD,<br>    Defendant. | Case No. 1:18-CR-10006-JEH-1 |

**Order**

Now before the Court is Defendant, Lontelle D. Ford's, motion for early termination of supervised release.[1] For the reasons stated, *infra*, the motion is granted.

On February 21, 2018, a grand jury returned an indictment charging Ford with two counts of distribution of fentanyl.  Ford was detained pending trial, and on March 9, 2018, the Government filed an Information of Prior Convictions, indicating its intent to seek an enhanced sentence based on Ford's prior drug convictions.

On November 5, 2018, Ford pleaded guilty to one count of the indictment. The Court accepted his plea on December 6, 2018, and scheduled sentencing for January 31, 2019.  At the sentencing hearing, Ford was sentenced to 144 months in the custody of the Bureau of Prisons, followed by six years of supervised release . The court later amended the judgment on October 4, 2023, reducing Mr. Ford's sentence to 102 months.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Ford was released from prison on May 13, 2024, and began his term of supervised release. On May 19, 2025, Ford filed his motion for early termination of supervised release, which was subsequently amended on July 3, 2025 by court-appointed counsel. The Government opposes the motion, and Ford filed a Reply to the Government's response on July 22, 2025.

Pursuant to 18 U.S.C. §3583(e)(1), after one year, a court can terminate supervised release early if it is warranted by the defendant's conduct and in the interest of justice. A defendant's behavior must demonstrate rehabilitation such that they no longer pose a danger to the community. *See United States v. Crisp*, 770 F. Supp.3d 1124 at *4-5. Once at least one year of a supervised release term has elapsed, a court must consider the factors set forth in 18 U.S.C §3553(a) as required by 18 U.S.C. §3583(e). Among these factors are: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) deterrence of future criminal conduct; 3) protecting the public from future criminal conduct; 4) providing the defendant with adequate resources while on supervised release; 5) and the need to avoid unwarranted sentence disparities among defendants similarly situated who have been found guilty because of similar conduct.[2] 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(6).

Ford is eligible for early termination, as he has served more than one year on supervised release. He has demonstrated exemplary conduct both during his incarceration and following his release, warranting the early termination of his supervised release after consideration of the applicable § 3553(a) factors. While in the Bureau of Prisons, Ford maintained a spotless record, with no incidents of misconduct, and actively engaged in self-improvement by completing several

---

[2] Sub-section 3553(a)(3) is excluded from factors a court must consider as set forth in §3583(e), and subsections (a)(4) and (a)(5) only have applicability to imposition and revocation of a supervised release term, not an early termination. Subsection (a)(7) relates to restitution, which is inapplicable in this case.

classes and obtaining certificates.  Upon his release, Ford has continued to exhibit outstanding behavior, securing stable employment and obtaining his Commercial Driver's License (CDL).  He has successfully held multiple jobs, including positions at Jimmy John's and Arby's, where he is praised for his dedication, professionalism, and positive attitude.  Ford's contributions extend beyond his professional life, as he is actively involved in his community, offering support and guidance to those around him.  His probation officer has described him as the "ideal parolee," noting his exceptional compliance with all conditions of supervision.  Ford's conduct exemplifies the qualities of a rehabilitated individual, and the restrictions of supervised release now hinder his ability to fully utilize his CDL and pursue a career as an over-the-road truck driver, which would allow him to better support his family and contribute to society.  Therefore, the Court finds that the early termination of Mr. Ford's supervised release is justified and in the interest of justice, in that Ford has sufficiently demonstrated that he is sufficiently rehabilitated to be off of supervised release.

*It is so ordered.*

Entered on July 24, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE